## KENNEDY v. MODERN WOODMEN OF AMERICA.

No. 5673.   Decided June 23, 1937.   (69 P. [2d] 508.)

*Paul E. Reimann, Richard S. Johnson,* and *Clarence F. Williams,* all of Salt Lake City, and *K. C. Tanner,* of Portland, Or., for appellant.

*George G. Armstrong,* of Salt Lake City, and *George S. Perrin* and *Geo. H. McDonald,* both of Rock Island, Illinois, for respondent.

LARSON, Justice.

This is an appeal from the district court of Salt Lake county. Plaintiff, the widow of Benjanon H. Kennedy, was named beneficiary in an insurance certificate issued to Kennedy by defendant, a fraternal benefit society incorporated under the laws of Illinois. In August, 1928, Kennedy joined the defendant society and received a benefit certificate for $1,000 (a term life insurance policy), in which plaintiff was named as beneficiary. In 1929, the society by proper action, extended the scope of its benefit certificates by two riders, providing that at age 70 the insured could at his option surrender his policy on a cash withdrawal or receive paid-up insurance for a specified amount, or, of course, continue his term policy, paying monthly premiums. Kennedy paid his monthly dues and premiums to and including May, 1931, a period of 34 months, when he stopped payment of premiums and camp dues and his policy lapsed and became void for nonpayment of premiums July 1, 1931, and he lost his

membership standing in the order. The constitution and by-laws (sections 62, 66, and 67) of the order provided that a lapsed member could reinstate his membership and his benefit certificate within 6 months after lapsing upon payment of all back dues, premiums, and arrearages, but that after 6 months' lapse he could not reinstate but must come in again as a new member at his then attained age. On April 8, 1933, 10 months after he stopped payment of dues and premiums and more than 9 months after lapse of his policy, Kennedy executed an application for reinstatement in the order. In that application were twenty questions, No. 19 and the answer thereto being as follows:

"19. a. Do you wish to reinstate by obtaining a new certificate or certificates based upon attained age next birthday? (Answered) Yes.

"b. Do you wish to reinstate the certificate or certificates last issued to you, or a portion of the amount thereof, by paying arrearages on same? (Answered) No."

And over the signature of the applicant:

"and as a condition precedent to the approval of the within application for reinstatement, I waive all rights and benefits which I or my beneficiaries may have heretofore adquired or may now have under said certificate or certificates and I hereby agree that said certificate or certificates are void."

And also provisions reciting that applicant, for himself and beneficiaries, released the Modern Woodmen of America from all liabilities under the old certificates, and agreed to be bound by the terms of the new certificate. In April, 1932, Kennedy was again admitted to membership in the order and a new certificate (insurance policy) issued to him. He did not pay back dues, but paid the premiums on the new policy at his then attained age, and camp dues for the months of April, May, June, and July, 1932, then defaulted payments, and paid no dues or assessments thereafter. He died in November, 1933. Payment of the certificate was refused and this action resulted. Verdict was for defendant, and plaintiff appeals.

The new certificate issued in 1932 contained a provision not in the other certificate or any rider thereto. It provided:

"If all payments by the member have been regularly made in full for three or more full years, then upon written request of the member, on forms to be furnished by the Head Clerk of the Society, while this Benefit certificate is in full force, the Society will extend and continue in force the full amount of this Benefit certificate as Term Insurance for the term shown in the adjoining table. Provided, however, that if there is any indebtedness from the member to the Society, the term of extended insurance will be reduced accordingly."

On the back of this new certificate, apart from any other printing, writing, terms, or provisions, were typed the words, "Formerly No. 3549427, issued Aug. 24, 1928," that being the number of the first or old certificate. The indorsement just noted and the quotation immediately preceding form the basis, body, and crux of this lawsuit.

Plaintiff contends that the words, "Formerly No. 3549427, issued Aug. 24, 1928," constitute and are a reinstatement of the old certificate issued in 1928, modified as from that date by the additional terms of the certificate with regard to the extended insurance, quoted above, and made the new policy effective retroactively from the date of the original certificate in August, 1928. Upon that point this action hinges, because if the indorsement just noted does not reinstate and re-establish the old certificate as in full force and effect from 1928, as modified by the terms of the new certificate, until payment of premiums under the new certificate ceased in August, 1932, plaintiff has no standing. To make this clear, plaintiff says: Under the provisions of the new certificate there is extended insurance for 3 years and 123 days without further payment of premiums, after payment of 36 monthly premiums has been made. Under the old certificate, Kennedy paid 34 monthly premiums before lapsing (August, 1928 to May, 1931, inclusive) and then paid under the new certificate 4 monthly premiums (April to July, 1932, inclusive) making 38 monthly premiums. That this extended the insurance for 3 years and 123 days after pay-

ments of premiums ceased under the new certificate in August, 1932, thus extending the insurance in effect until November, 1935, or a date long after Kennedy died. If this reasoning and construction of the record is sound, the judgment must be reversed; otherwise, the judgment for defendant must be affirmed.

We are of the opinion that the judgment must stand. Three fatal maladies beset the path of plaintiff's claim: First, congenital; second, prenatal conditions; and, third, lack of proper postnatal feeding. In his application for reinstatement in the order, the insured requested the issuance to him of a new certificate of insurance at his then attained age. He expressly declared that he did not wish the old certificate revived or reinstated. He waived any and all claim or right, past, present, and future, under the old certificate, declared them void and dead, and agreed to have them suitably buried and laid away by the order. He asked for a new love of different complexion and free from the debts and infirmities of the old. This he received, but failing to properly feed it by paying his dues and premiums, it languished for 4 months and then from lack of care and nourishment, did die. Having waived all rights under the old certificate, declaring in his application by his own hand that he wanted a new policy, and did not want the old one revived, and having received the new one on those conditions, his beneficiary cannot now repudiate those declarations and say the old certificate was revived and kept alive, despite Kennedy's wishes, his acts, and his failure to pay his dues. The terms of the old certificate, the terms of the new certificate, the by-laws of the order, all provide that a certificate lapses and becomes void upon failure to pay premiums and camp dues. The constitution quoted above declares that reinstatement of a member or a certificate can only be made upon payment of all dues and arrearages, and that within 6 months. The insured did not return into the order within 6 months, nor did he ever pay the back dues or arrearages, and in his application for rein-

statement expressly declared he did not intend to pay them. The constitution and by-laws, section 44, provide that no camp or officer of the order can waive any provision of the constitution or by-laws, which includes the payment of arrearages. Kennedy knew that provision. He applied for his new certificate knowing it, and the constitution and by-laws are integral parts of his contract of insurance (section 54). *White* v. *Woodmen of the World,* 87 Utah 477, 50 P. (2d) 422. Under the terms of the contract and under the terms of the constitution, the new certificate, if viewed as a revival of the old one, was stillborn and never had any validity, force, or effect. It could not be revived or given any life or existence until the dues and arrearages were paid. As we said in *Lawson* v. *Woodmen of the World,* 88 Utah 267, 53 P. (2d) 432, 435, "They seek to accept the benefits of the contract, but avoid the full force of its obligations. This they cannot do."

Plaintiff's argument must fail for another reason. The provision for "extended insurance" in the new certificate, which was not in the old one, as conditions precedent to extended insurance, requires: (1) All payments must have been regularly made in full for 3 or more full years; (2) written request of the member to the head clerk after payment for 3 full years and while insurance is in full force, for extended insurance. Neither of these conditions was complied with. The first condition clearly contemplates at least 36 consecutive monthly payments without any interruption. This is necessary in order that the proper reserve be built up to carry the extended insurance.

And, lastly, the by-laws and articles of association, revision of 1929, in effect when the new certificate was issued, division D, of section 42, chapter VII, provide:

"Certificates issued after July 1, 1929, at attained age rates, in exchange for prior issues, surrendered or cancelled * * * shall be deemed new insurance, and the reserves for such certificates shall be transferred to the Reserve Fund."

This provision, being part of the insurance contract, itself declares the last certificate to be new insurance and binding as such on Kennedy and his beneficiaries.

We have examined all the cases cited by counsel, but an analysis of them could add nothing to this opinion except length. The issue is simply the interpretation of the contract between the parties under its terms and those of the articles and by-laws of the society. The cases add nothing.

The judgment of the district court is affirmed, with costs to respondent.

FOLLAND, C. J., and HANSON, MOFFAT, and WOLFE, JJ., concur.